**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Manns, | No. CV-23-02357-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Alejandro N. Mayorkas, | |
| Defendant. | |

Before the Court is Defendant Alejandro N. Mayorkas's Motion to Dismiss (Doc. 22).  For the reasons below, the Motion is granted.

## BACKGROUND

Plaintiff Ronnie Manns was hired to work as a Transportation Security Officer ("TSO") at Phoenix Sky Harbor International Airport on October 11, 2019.  (Doc. 21 at 2). On July 28, 2020, Plaintiff was terminated.  (*Id.*).  The termination letter states that Plaintiff was terminated for unsatisfactory performance during his trial period.  (*Id.*).

Plaintiff filed his Amended Complaint (Doc. 21) ("Complaint") on May 6, 2024, demanding a jury trial for discrimination, disparate treatment, and a hostile work environment.  (*Id.* at 1).  Plaintiff states he brought his Complaint "pursuant to 28 U.S.C. § 1343 which provides federal courts with original jurisdiction over certain types of claims based on civil rights violations."  (*Id.* at 1-3).  He also alleged that Transportation Security Administration ("TSA") management discriminated against him "in violation of federal law and *McDonnell Douglas Cor v. Green*, 411 U.S. 792," suggesting a Title VII disparate

1    treatment claim.  (*Id.* at 1).

2        In his Complaint, Plaintiff first alleges his nine years of active-duty service in the

3    United States Marine Corps exempt him from the two-year trial period, which is "a period

4    of time during which a supervisor assesses a new employee's performance and conduct."

5    (Doc. 21 at 2).  He next asserts that, during his time as a TSO, Plaintiff earned two TSA

6    Official Coins "for acts of exceptional service, performance, or achievement."  (*Id.* at 3).

7    Finally, Plaintiff asserts that an Expert Security Trainer shadowed Plaintiff.  (*Id.*).  Plaintiff

8    attached to his Complaint a witness affidavit completed by the TSA employee who

9    shadowed him.  (*Id.* at 21).  In the affidavit, the employee attests that her Training Manager

10   asked her to conduct a final review and observation of Plaintiff, who was being considered

11   for a trial period termination.  (*Id.* at 23).  She stated that Plaintiff "was the first to ever be

12   subjected to this observation and reporting process and to [her] knowledge no one else

13   ha[d] been subjected to the same observation and reporting process since."  (*Id.*).

14                                      **LEGAL STANDARD**

15       Defendant may prevail on his motion to dismiss if Plaintiff "fail[ed] to state a claim

16   upon which relief can be granted."  *Whitaker v. Tesla Motors, Inc*., 985 F.3d 1173, 1175

17   (9th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)).  Plaintiff's Complaint must "contain

18   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

19   face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

20   550 U.S. 544, 570 (2007)).  Even if the Complaint has a cognizable legal claim, the factual

21   content must "allow[] the court to draw the reasonable inference that the defendant is liable

22   for the misconduct alleged."  *Id.*; *see also Robertson v. Dean Witter Reynolds, Inc*., 749

23   F.2d 530, 534 (9th Cir. 1984) ("A complaint may be dismissed as a matter of law for one

24   of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a

25   cognizable legal claim.").  Courts consider both the allegations made in the complaint and

26   the exhibits attached to the complaint.  *Courthouse News Serv. v. Planet*, 750 F.3d 776,

27   780 n.4 (9th Cir. 2014).

28

**DISCUSSION**

Plaintiff fails to state a claim upon which relief can be granted. As to his discrimination and hostile work environment claims, Plaintiff makes no specific allegations and pleads no facts sufficient to support such allegations. Plaintiff asserts he was terminated for unsatisfactory performance, but this factual allegation is not sufficient for a court to reasonably infer that Defendant is liable for discrimination or a hostile work environment. (Doc. 21 at 2); *see Twombly*, 550 U.S. at 570. "A complaint 'does not require detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Doe v. Fed. Dist. Ct.*, 467 F.App'x 725, 727 (9th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Here, Plaintiff does no more than assert, without a factual basis, that Defendant unlawfully harmed him.

As to Plaintiff's disparate treatment claim under Title VII, Plaintiff similarly fails to state a cognizable legal claim. *See Robertson*, 749 F.2d at 534. "To establish disparate treatment under Title VII, a plaintiff must offer evidence that gives rise to an inference of unlawful discrimination, either through the framework set forth in *McDonnell Douglas Corp. v. Green* or with direct or circumstantial evidence of discriminatory intent." *Freyd v. University of Oregon*, 990 F.3d 1211, 1228 (9th Cir. 2021). Plaintiff asserts only that his nine years of active duty in the United States Marine Corps should have satisfied the two-year trial period. (Doc. 21 at 2). He also attached to his complaint a witness affidavit in which a TSA employee, who reviewed him, alleged that no other employee had been subject to such a review. (Doc. 21 at 23). These facts fail to state a plausible disparate treatment claim under either the *McDonnell Douglas* framework or the discriminatory intent approach. Plaintiff failed to allege that he is a member of a protected class, as is required for *McDonnell Douglas*, or allege direct or circumstantial evidence of discriminatory intent. *Id.* at 1228-29. "[A]lthough pro se pleadings are construed liberally, even pro se pleadings 'must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.'" *Doe*, 467 F.App'x at 727 (quoting *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

- 3 -

**CONCLUSION**

The Ninth Circuit instructs lower courts to "heed carefully the command of [Federal Rule of Civil Procedure] 15(a) . . . by freely granting leave to amend when justice so requires." *Eldrige v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted). "This policy is applied even more liberally to pro se litigants." *Eldrige*, 832 F.2d at 1135. "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). As such, the Court grants Defendant's Motion to Dismiss with leave for Plaintiff to amend.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Alejandro N. Mayorkas's Motion to Dismiss (Doc. 22) is granted with leave to amend within thirty days of the date of this Order. If Plaintiff fails to file a second amended complaint in compliance with this Court's orders within thirty days of this order, the Clerk is directed to terminate this action and enter a judgment of dismissal.

Dated this 28th day of February, 2025.

G. Murray Snow
Senior United States District Judge